IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WAYNE COOKS, 1233360, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-1621-B |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| TDCJ-CID, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for deadly conduct, enhanced by two prior felonies. *State of Texas v. Donald Wayne Cooks*, No. F-04001210-KN (195th Dist. Ct., Dallas County, Tex., March 25, 2004). A jury found him guilty and assessed punishment at forty years in prison. *Id*. His conviction was affirmed on appeal. *Cooks v. State*, No. 05-04-00620-CR (Tex. App. – Dallas, April 29, 2005, pet. ref'd). On August 31, 2005, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Cooks v. State*, PDR No. 818-05.

On August 31, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex parte Cooks*, 64,748-01 (Tex. Crim. App. March 29, 2006). On July 19, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 30, 2006, Petitioner filed this federal petition for writ of habeas corpus. He

argues:

    (1)    he received ineffective assistance of trial counsel when his counsel failed to timely object to the denial of his right to confrontation; and

    (2)    he received ineffective assistance of appellate counsel when his attorney failed to:

        (a)    challenge the factual and legal sufficiency of the evidence;

        (b)    challenge the inadmissable and prejudicial evidence of family violence;

        (c)    raise the following claims of ineffective assistance of trial counsel:

            (i)    counsel failed to object in a timely manner to the absence of the complainant;

            (ii)    counsel failed to sufficiently notify the trial court that Petitioner was denied the right to confrontation;

            (iii)    counsel failed to subpoena the complainant;

            (iv)    counsel failed to move for dismissal of charges based on the state's lack of diligence in locating the complainant for trial; and

            (v)    counsel failed to call character witnesses that Petitioner requested.

On December 6, 2006, Respondent filed his answer. On February 2, 2007, Petitioner filed a traverse. The Court finds the petition should be denied.

## II. Factual Background

On May 26, 2003, a shooting occurred in the vicinity of the corner of Swiss Avenue and Carroll Avenue in Dallas, Texas. Robyn Gorder-Lane testified that she was working that day at an architectural firm located at the corner of Swiss and Carol. (Trial Tr. Vol. 3 at 71). From her desk, she could see onto Swiss Avenue through the windows of her building. (*Id.* at 72). About

fifteen minutes before the shooting, she saw Traverse Lippett, a homeless man in the area, look through the windows of her building. (*Id*. at 74). She later heard noises and saw Lippett running past her building. *Id*. Ms. Gorder-Lane looked outside and saw a red truck and a man standing outside the truck shooting at Lippett. (*Id*. at 75-76, 90). She heard what she thought were six shots. (*Id*. at 76-77, 90). She identified Petitioner as the shooter. (*Id*. at 82-83)

Michael Dysput and Kevin Moran were also working at the architectural firm that day. They testified that they both heard shots fired. (*Id*. at 107, 109,143-44). Dysput testified that he heard "at least five" shots. (*Id*. at 109, 124). He stated that although he did not see the shooting, he saw Petitioner holding a gun. (*Id*. at 108-09, 112, 124). Moran testified that he heard five or six shots, but he did not witness the actual shooting. (*Id*. at 144, 155, 157).

### III. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United states Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.      Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of trial and appellate counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a

different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (a) Trial Counsel

Petitioner argues his trial counsel was ineffective for failing to object that the absence of the complainant, Traverse Lippett, violated his right to confrontation. Under the Sixth Amendment, a criminal defendant "shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Supreme Court has held in *Crawford v. Washington*, 541 U.S. 36 (2004), that the Confrontation Clause bars testimonial statements of a witness who does not appear at trial unless: (1) he was unavailable to testify; and (2) the defendant had a prior opportunity to cross-examine the witness. *Id*. at 59.

In this case, it is undisputed that the complainant was not available at trial. The state's investigator testified that he searched for Lippett, but was unable to locate him. (Trial Tr. Vol. 3 at 244-45). Further, the state does not contend, and the record does not reflect, that Petitioner had a prior opportunity to cross-examine Lippett.

Officer Mills testified that Lippett identified Petitioner as the shooter. (Trial Tr. Vol. 3 at 214-20).[1] Defense counsel should have objected to this testimony as a violation of the Confrontation Clause. The Court therefore finds defense counsel was deficient.

Under *Strickland*, however, a petitioner must show both deficient performance and

---

[1] The Confrontation Clause only applies to "testimonial" statements. *Crawford*, 541 U.S. at 51. The Supreme Court has held that statements in response to police interrogations regarding past events are "testimonial" statements for Confrontation Clause purposes. *Id*.; *Davis v. Washington*, 126 S.Ct. 2266, 2273 (2006). Lippett's statements were therefore subject to the requirements of the Confrontation Clause.

prejudice. In this case, Petitioner has failed to show the required prejudice. Other witnesses at trial identified Petitioner as the shooter. Nancy Gorder-Lane testified that she saw Traverse Lippett run by her building. (Trial Tr. Vol. 3 at 74). She testified that she then heard gun shots and saw Petitioner shooting at Lippett. (*Id*. at 75-77, 80-83, 103-04). Michael Dysput testified that he worked with Ms. Gorder-Lane. He stated that he heard gun shots, looked out the window of his office and saw Petitioner holding a gun. (*Id*. at 108-112). He also testified that he saw Lippett after the incident and that Lippett appeared "shaken up." (*Id*. at 111). Petitioner has failed to show that but for his counsel's failure to object to Officer Mill's testimony regarding Lippett's statement, he would not have been convicted. His claim should be denied.

### (b) Appellate Counsel

#### (I) Sufficiency of the Evidence

Petitioner argues he received ineffective assistance of appellate counsel because appellate counsel failed to argue that the evidence was legally and factually insufficient to support the conviction.

Under Texas law:

> A person commits [Deadly Conduct] if he knowingly discharges a firearm at or in the direction of:
>
> (1) one or more individuals;
> . . . .

TEX. PENAL CODE § 22.05 (b).

In this case, Ms. Gorder-Lane testified that she saw Petitioner shoot a gun at Lippett. (Vol. 3 at 74-77, 80-83, 103-04). She testified that she heard approximately six shots. (*Id*. at 77). On cross-examination, defense counsel questioned whether Gorder-Lane saw Petitioner

shoot the gun in the air, or to the side. (*Id*. at 94). Gorder-Lane stated that she saw Petitioner shoot at Lippett "[s]traight on." *Id*. Petitioner's insufficiency of the evidence claim is without merit.

### (ii) Family Violence

Petitioner also argues appellate counsel should have challenged the admission of family violence evidence. The record reflects that during the punishment phase, the state called Sakenia Beaty as a witness. Beaty was Petitioner's former girlfriend and the mother of his two children. Ms. Beaty testified that Petitioner "drank a lot," and that during one fight Petitioner choked her, cut her hair off with a knife, threatened her with the knife and ripped her clothes. (Trial Tr. Vol. 4 at 37-40). She testified that on another occasion Petitioner used his fist to hit her in the face so hard that she blacked out. (*Id*. at 41).

Article 37.07, § 3(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment stage of a non-capital criminal trial. *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004). That statute provides that:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, . . . and any other evidence of an extraneous crime or bad act . . . .

In this case, evidence of Petitioner's prior extraneous bad acts against Beaty were admitted. Petitioner has stated no basis for excluding this evidence. His claim should be denied.

### (iv) Trial Counsel

Petitioner argues his appellate counsel was ineffective for failing to raise the following claims of ineffective assistance of trial counsel: (1) trial counsel failed to raise the Confrontation Clause issue; (2) trial counsel failed to subpoena Lippett for trial; (3) trial counsel

failed to move for a dismissal of the charges; and (4) trial counsel failed to call certain witnesses.

### (a) Confrontation

Petitioner argues his trial counsel failed to timely object that the absence of complainant Lippett violated his right to confrontation. The record shows that trial counsel moved for a directed verdict at the end of trial based upon a violation of the Confrontation Clause. (Trial Tr. Vol. 3 at 251). The trial court denied this motion. To the extent that Petitioner argues his trial counsel failed to raise the Confrontation Clause issue, his claim is without merit. To the extent that Petitioner argues trial counsel failed to raise the issue during trial, he has failed to establish the required prejudice. As discussed above, even if trial counsel had objected at the time of Officer Mill's testimony that Lippett identified Petitioner as the shooter, Petitioner was identified by other witnesses as shooting a gun at Lippett and as holding a gun after shots were fired. (*Id.* at 75-77, 80-83, 103-04, 108-112). Petitioner's claim should therefore be denied.

### (b) Subpoena

Petitioner argues that trial counsel was ineffective for failing to subpoena Lippett for trial. The record shows, however, that Lippett could not be located for trial. The state's investigator testified that he conducted computer searches for Lippett and found no employment records, no social security records and no welfare records. (Trial Tr. Vol. 3 at 244). Lippett also had no rental history and was listed in the offense report as homeless. *Id.* The investigator also went to the area of the offense, knocked on doors, and showed Lippett's photograph to various shopkeepers. (*Id.* at 245). Although some people had seen Lippett before, none had seen him recently. *Id.* Petitioner has failed to show that any subpoena could have been served on Lippett. His claim should be denied.

**(c) Dismissal**

Petitioner argues his trial counsel was ineffective for failing to move for a dismissal of the charges because of the state's lack of due diligence in locating Lippett. Petitioner, however, has not shown that any further searching would have located Lippett. His claim is conclusory and should be denied.

**(d) Witnesses**

Petitioner argues his trial counsel was ineffective for failing to call certain character witnesses during the punishment phase. Petitioner states he asked his attorney to call his parents, sisters and Ms. Patricia McAdams as witnesses. Petitioner, however, has submitted no evidence that his parents or his sisters would have appeared at trial and would have offered testimony helpful to the defense. As the Fifth Circuit has stated, "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986).

Ms. McAdams testified at the state habeas hearing that she was present outside the court house during Petitioner's trial. She stated that, if called, she would have testified that Petitioner is an honest person. (State Habeas Hearing at 16). On cross-examination, however, the prosecution established that McAdams was present when Petitioner cut his girlfriend's hair off with a knife. *Id*. at 17. Further, given the evidence against Petitioner, he has failed to show that even if his counsel had call McAdams, there is a reasonable probability the result of his trial would have been different. Petitioner's claim should be denied.

**3. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 26th day of October, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).