IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD WAYNE COOKS, 1233360, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1621-B |
| ) | |
| RICK THALER, Director, ) | |
| TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural background**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division. He filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4), (5) and (6).

Petitioner was convicted of deadly conduct, enhanced by two prior felonies. *State of Texas v. Donald Wayne Cooks*, No. F-04001210-KN (195th Dist. Ct., Dallas County, Tex., March 25, 2004). A jury found him guilty and assessed punishment at forty years in prison. *Id*. His conviction was affirmed on appeal. *Cooks v. State*, No. 05-04-00620-CR (Tex. App. – Dallas, April 29, 2005, pet. ref'd). On August 31, 2005, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *Cooks v. State*, PDR No. 818-05.

On August 31, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex parte Cooks*, 64,748-01 (Tex. Crim. App. March 29, 2006). On July 19, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 30, 2006, Petitioner filed a federal petition for writ of habeas corpus. On February 27, 2008, the Court denied the petition on the merits. On October 10, 2008, the Fifth Circuit Court of Appeals denied a certificate of appealability. *Cooks v. Thaler*, No. 08-10224 (5th Cir. Oct. 10, 2008). On October 5, 2009, the Supreme Court denied the petition for writ of certiorari. *Cooks v. Thaler*, ___ U.S. ___, 130 S.Ct. 376 (2009).

On December 31, 2009, Petitioner filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). He argues the Court wrongfully denied his § 2254 petition by misapplying the standard stated in *Strickland v. Washington*, 466 U.S. 668 (1984).

## II.  Discussion

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b). Petitioner's motion attacks the Court's previous decision determining his § 2254 claims on the merits and argues the determination is incorrect. Such a motion is construed as a successive § 2254 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition.") (emphasis in original).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).

A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 20th day of May, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).